[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION COUNTERCIAIM DEFENDANT'S MOTION TO STRIKE
The counterclaim defendant, United Coastal Industries, Inc., moves to strike the entire counterclaim of defendant King Associates, Inc. on the basis that the indemnity agreement between King and United Coastal does not specifically provide that United Coastal is obligated to indemnify King for King's own negligence. United Coastal contends, further, that the Workers Compensation Act exempts it from Tort Reform II type apportionment. United Coastal cites Echevarria v. TrinityCollege, 1994 Conn. Super. (Corradino, J.) LEXIS 287 as authority for its position.
The Echevarria case is indistinguishable from the present case in the context of United Coastal's motion. Essentially, that case held that if the defendant's (King's in this case) acts or omissions caused the injury, the indemnity agreement would not apply. If, on the other hand, the indemnitor's (United Coastal's) acts or omissions are found to be the sole cause of the injury, the defendant would not be liable.
This court finds the reasoning of the court in Echevarria, as well as the authorities cited therein, to be persuasive and controlling in this case. United Coastal's motion to strike King's entire counterclaim is, therefore, granted.
MALONEY, J.